In the Matter of the Application of Israel Amter, as Chairman of the State Committee of the Communist Party of the State of New York, Petitioner, for a Peremptory Mandamus Order against Edward J. Flynn, as Secretary of State of the State of New York, Defendant.*

Supreme Court, Special Term, Albany County, June 29, 1937.

* Aff'd., 251 App. Div. 921.

*David M. Freedman* [*Joseph R. Brodsky* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General,* of counsel], for the defendant.

SCHENCK, J.    The petitioner, as chairman of the State Committee of the Communist party of the State of New York, seeks to compel the Secretary of State to accept for filing the designated statement of party positions to be filled at the primary elections to be held September 16, 1937, and to direct him to certify to the various boards of elections in the State of New York that the Communist party is a legally recognized party.

The Secretary of State heretofore refused to accept for filing such statement of party positions for the reason that the Communist party cannot participate in the coming primaries, not having polled 50,000 votes at the last general election for its candidate for Governor. The facts are not disputed. In the gubernatorial election of 1934 the Communist party polled over 45,000 votes, but did not poll 50,000 votes in the gubernatorial election in November, 1936. Subdivision 5 of section 2 of the Election Law, as amended by chapter 955 of the Laws of 1935, reads: " The term ' party ' means any political organization which at the last preceding election for Governor polled at least twenty-five thousand votes for Governor, or at an election for Governor after January first, nineteen hundred and thirty-six, polled at least fifty thousand votes for Governor."

Apparently the only issue here is an interpretation of the above subdivision of the Election Law defining a " party." The validity of the statute is not questioned in this proceeding.

The question presented is primarily one of legislative intent. Subdivision 8 of section 3 of the Election Law, as amended by chapter 891 of the Laws of 1911, read: " The term ' party ' means any political organization which, at the last preceding election for Governor, polled at least ten thousand votes for any candidate for any office nominated by it, to be voted for by all the electors of the State." Thereafter, by chapter 588 of the Laws of 1922, a new Election Law was enacted and subdivision 5 of section 2 was substituted in place of subdivision 8 of section 3, and read: " The term

' party ' means any political organization which at the last preceding election for Governor polled at least fifteen thousand votes for Governor, and after January first, nineteen hundred and twenty-three, any political organization which polled at the last preceding election for Governor at least twenty-five thousand votes for Governor."

It will be seen that subsequent to 1923, to be recognized as a " party," an organization must have polled at an election for Governor at least 25,000 votes for its candidate for that office, the number having been increased from 10,000 in 1911 to 15,000, and after 1923 to 25,000. These amendments clearly indicate that when a political organization fell below the prescribed number in a gubernatorial election it ceased to be a " party," and to regain its status as such it would have to poll the required number of votes at the next election for Governor.

It is apparent that by the amendment of 1935 it was the intent of the Legislature that a political organization would be recognized as a " party " which polled at least 25,000 votes in 1934, but to be recognized as a party after 1936, an organization was required to poll at least 50,000 votes for Governor in the gubernatorial election of 1936.

It may be that the section is inartistically drawn but it must follow that the Legislature sought to carry out the procedure of the statutes of prior years. Otherwise, any organization which polled 25,000 votes at the 1934 election would be recognized as a " party " and be given a permanent status, even though subsequent to 1936 the party vote greatly declined. This could not have been the intention of the Legislature. The real intention of the Legislature was the requirement of 50,000 votes in the gubernatorial election of 1936, and the Communist party having failed to poll that number of votes at such election ceased to be a " party " within the meaning of the Election Law. Any other construction is untenable.

The application for a peremptory mandamus order is denied on the merits. Submit order.